UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALVADOR DIEGO PASCUAL,

      Petitioner,

v.                                    Case No.  2:26-cv-1412-JES-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Salvador Diego Pascual's petition and amended petition for writ of habeas corpus (Doc. 1; Doc. 6) and the government's response to Petitioner's original petition (Doc. 5).[1] For the reasons below, the Court grants the petition to the extent set forth in this Order.

## I.   Background

Diego Pascual is a citizen of Mexico who entered the United States without inspection in 2015.  (Doc. 6 at 3).  He lives in Broward County, Florida with his fiancé and her two children. (Id.)  He has his own business with employees who work for him. (Id.)  He has no criminal history.  (Doc. 5-1 at 3).  Diego Pascual was taken into immigration custody after a traffic stop on April 20, 2026.  (Id.)

_____

[1] Respondents did not answer the amended petition.

On May 13, 2026, an immigration judge denied Diego Pascual's request for bond by checking a box on a pre-printed order and stating that "[t]he burden is on the alien to show to the satisfaction of the Immigration Judge that he merits release on bond." (Doc. 6-1 at 1). The immigration judge determined (without further explanation) that Diego Pascual had not met his burden because he "presents a substantial risk of flights based on his lack of significant ties to the United States, prior history of violating the law, and lack of currently available relief." (Id.)

Diego Pascual now seeks a bond hearing where the government bears the burden of showing that he poses a flight risk or danger to the community. (Doc. 6 at 6–7).

## II.  Discussion

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To the extent Diego Pascual asserts a bona fide due process claim challenging the framework used to determine whether he should be detained, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."

2

Reno v. Flores, 507 U.S. 292, 306 (1993).[2]  Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." Zadvydas, 533 U.S. at 690 (internal punctuation and citation omitted).  Thus, the Court will consider whether Diego Pascual's current detention complies with due process.

Courts looks to three factors when considering the process due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Here, all three factors weigh in Diego Pascual's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.  Zadvydas, 533 U.S. at 690.  Second, the risk of erroneous deprivation of that

---

[2] Conversely, the Court does not have jurisdiction to review an immigration judge's discretionary bond decisions.  8 U.S.C. § 1226(e).

interest is substantial here.  While neither the Supreme Court nor the Eleventh Circuit has established a constitutionally acceptable length of detention under 1226(a), the longer the detention, the greater the concern.  And facts that could justify a brief detention might not justify a longer one.  The fact that Diego Pascual's detention now approaches three months and could conceivably last indefinitely—despite his familial and business ties to Florda and his complete lack of criminal history—raises constitutional concerns.  Third, the government has not established a legitimate interest in continuing to detain Petitioner.  It is undisputed that Diego Pascual bore the burden of proof in his first bond hearing.  At no point during his detention has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Diego Pascual's right to be free from physical restraint.

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1976).  Here, the Court sees value in additional due process safeguards such as a bond hearing in which the government bears the burden of justifying continued detention without bond. See Velasco Lopez v. Decker, 978 F.3d 842, 853 (2d Cir. 2020)

4

(comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).  A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose."  Velasco Lopez, 978 F.3d at 854; see also Rodriguez v. Ortega, Nos. 26-50183, 26-50219, No. 26-50221, 2026 WL 1906557, at * 16 (5th Cir. Jul. 2, 2026) (recognizing that in § 1226 bond hearings, "the Government must articulate an individualized justification for further detention without bond").

The Court will thus order Respondents to either release Diego Pascual or bring him before an immigration judge within seven days for a second bond hearing where the government must show that he is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by Diego Pascual and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006).  Diego Pascual's counsel must receive at least 48 hours' notice of the hearing, but only if he enters an appearance in the Executive Office of Immigration Review's (EOIR's) online filing system in time to receive the notice. The Court is aware the EOIR is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements.  If Respondents

are unable to ensure that Diego Pascual timely receives a bond hearing that complies with this Order, they must release him under reasonable terms of supervision.

Accordingly, it is hereby **ORDERED**:

1.    Salvador Diego Pascual's Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED** to the extent set forth in this order.

2.    Within **SEVEN (7) DAYS** of this Order, Respondents shall either release Diego Pascual or bring him before an immigration judge for a second bond hearing where the government bears the burden of justifying continued detention.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 14, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE